# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH WITMAN,**

Petitioner,

v.  Case No. 02-C-541

**DANIEL BENIK,**

Respondent.

## ORDER ON MOTION FOR RELIEF FROM ORDER

On June 8, 2005, the petitioner, Kenneth Whitman ("Whitman"), filed a motion for relief from this court's May 25, 2005 order. The May 25, 2005 order denied Whitman's motion for the appointment of counsel because Whitman had not addressed the threshold requirements for appointment that are set forth in Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). Specifically, Whitman had not demonstrated that: (1) given the difficulty of the case, and the petitioner's ability, the petitioner cannot obtain justice without an attorney; (2) the petitioner cannot retain an attorney on his own; (3) the petitioner will have a "reasonable chance" of success with an attorney. Id. (citing Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir.1997)).

Although the pending motion is labeled "motion for relief of order pursuant to § 60," Whitman likely intended to cite Federal Rule of Civil Procedure 60. That Rule allows relief from order when the movant demonstrates mistake, inadvertence, excusable neglect, newly discovered evidence, or

fraud. Whitman's motion does not allege any of those grounds for relief and, instead, analyzes the Winsett factors. Accordingly, Whitman's motion will be treated as a second motion for counsel.

In support of his motion, Whitman claims that all of the Winsett factors favor appointment under these facts. The court does not reach that conclusion. Although Whitman has now demonstrated significant efforts to independently retain counsel, Whitman has not proven the first or third elements. In regard to the first consideration, the difficulty of this case, Whitman submits that his appellate counsel failed to raise constitutional issues, including issues related to Whitman's appearance before the jury in prison clothes. (Whitman Br. at 2.). In addition, Whitman claims that injustice will result without appointment because the respondent failed to include transcripts that he deems relevant to his claim based on the fact that he appeared before the jury in prison clothes. The first claim simply discusses one of the substantive claims presented in Whitman's petition, and neither claim bears on whether Whitman is faced with issues more complex than those presented in other cases. Moreover, Whitman attached the transcripts that he claims were omitted by the respondent to his motion. Thus, the transcripts are now part of the record and Whitman's ability to obtain the records without counsel prevented any chance of prejudice in this regard.

Turning to the third factor, whether Whitman will have a "reasonable chance" of success with an attorney, Whitman claims that attorney would be able to research facts and present them to the court. (Whitman Br. at 3.). The same is true in all cases. Without discussion of the merits of his petition, Whitman clearly has not satisfied the third element. Moreover, as explained to Whitman when the court denied his first motion for the appointment of counsel, the pleadings on Whitman's petition are now closed, such that there is no longer a need for counsel at this stage in the proceedings.

For all of the reasons discussed, the court now enters the following order:

**IT IS THEREFORE ORDERED** that the petitioner's motion for relief from order is **denied.**

Dated at Milwaukee, Wisconsin, this 29th day of June, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge