# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH WHITMAN,**

        Petitioner,

  v.                                             **Case No. 02-CV-541**

**DANIEL J. BENIK,**

        Respondent.

## ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

Kenneth Whitman ("Whitman") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to its obligation under Rule 4, of the Rules Governing Section 2254 Cases, this court previously screened Whitman's petition. An earlier motion to appoint counsel was denied.

Whitman raises three grounds for relief in his petition. Whitman's first ground for relief alleges that it was an abuse of discretion for the trial court to admit a time line detailing Whitman's criminal record as evidence of motive. Whitman's second ground for relief alleges that the trial court erred in requiring Whitman to appear before the jury in a prisoner's uniform. Whitman's third ground for relief alleges that the trial court erred in denying a jury instruction that was requested by Whitman's counsel.

## STANDARDS OF REVIEW

Where the state court adjudicates the merits of a petitioner's claim, this court may grant habeas corpus relief if the state court decision:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

As the Supreme Court explained in Williams v. Taylor, § 2254(d)(1) establishes two independent grounds on which a federal court can grant habeas corpus relief: (1) if a state court decision is "contrary to" clearly established federal law, as determined by the Supreme Court, or (2) if a state court decision involves an "unreasonable application" of clearly established federal law, as determined by the Supreme Court. 529 U.S. 362, 404-05 (2000); see also Washington v. Smith, 219 F.3d 620, 627-28 (7th Cir.2000). The "contrary to" standard requires a state court decision to be "substantially different from the relevant precedent of [the Supreme Court]." Williams, 529 U.S. at 405. For example, a state court decision applying a rule that contradicts the governing law set forth by the Supreme Court would qualify, as would a decision that involves a set of facts materially indistinguishable from a Supreme Court case that arrives at a different result. Id. at 405-06. By contrast, a state court decision that draws from Supreme Court precedent the correct legal rule and applies it in a factually distinguishable situation will not satisfy the "contrary to" standard, no matter how misguided the decision's ultimate conclusion. Id. at 406-07.

Under the "unreasonable application" prong of (d)(1), relief may be granted if the petitioner shows that, despite identifying the correct rule of law, the state court unreasonably applied it to the facts of the case. Williams, 529 U.S. at 404. An unreasonable application of federal law, however,

is different from the incorrect or erroneous application of federal law. Boss v. Pierce, 263 F.3d 734, 739 (7th Cir. 2001) (citing Williams, 529 U.S. at 410). A federal court simply disagreeing with the state court decision does not warrant habeas relief-the decision's application of Supreme Court precedent must be so erroneous as to be objectively unreasonable. Middleton v. McNeil, 541 U.S. 433, 436 (2004); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

Under § 2254(d)(2), relief may be had where the petitioner demonstrates that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Here again, an unreasonable determination is more than a determination that is simply incorrect or erroneous. Moreover, state court factual determinations are presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by "clear and convincing evidence." Section 2254(e)(1). Rice v. Collins, --- U.S. ---, 126 S.Ct. 969, 974 (2006) (citing Miller-El v. Dretke, 545 U.S. ----, ----, 125 S.Ct. 2317, 2325 (2005)).

And finally, if the petitioner demonstrates constitutional error under § 2254(d), he still may not be entitled to habeas relief where such error is deemed harmless; that is, the error could not have had a substantial and injurious effect or influence on the jury's verdict. O'Neal v. McAninch, 513 U.S. 432, 436 (1995)(internal citations omitted). With the § 2254(d) and (e)(1) standards in mind, the court will now turn to the three challenges raised by Whitman.

## USE OF TIME LINE AT TRIAL

Whitman was convicted of battering a county corrections officer. The prosecution utilized a timeline to establish Whitman's motive to batter the officer. Included in this time line were dates such as Whitman's date of incarceration, the date of certain court motions, and that Whitman's motion to withdraw his guilty plea in an earlier case had been denied. The prosecution suggested that this time line painted a picture of a person who was angry at the criminal justice system and

therefore motivated to strike out against a corrections officer. The Wisconsin Court of Appeals agreed with Whitman and held that the use of the time line was an impermissible use of other acts evidence. However, the Court of Appeals found that the error was harmless because there was sufficient evidence to support that the officer was battered, most notably the fact that Whitman did not deny striking the officer in the face.

The respondent argues here that Whitman's argument is entirely one of state evidentiary law and does not represent a constitutional claim cognizable in a federal habeas proceeding. The court agrees with the respondent. Whitman makes absolutely no effort to frame the issue as one of Due Process. Had he done so, the court would nonetheless be forced to reject Whitman's claims because such constitutional arguments were not raised in the state court and therefore were procedurally defaulted. Rose v. Lundy, 455 U.S. 509 (1982); Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also, Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).

### WEARING PRISON UNIFORM BEFORE JURY

Whitman argues that it was error for the trial court to require that he appear before the jury in a prison uniform. The respondent argues that this claim was procedurally defaulted pursuant to O'Sullivan v. Boerckel, 526 U.S. 838 (1999), by Whitman's failure to raise the argument in his petition for review to the Wisconsin Supreme Court. Under O'Sullivan, when a petitioner fails to raise issues in a petition for discretionary review, those issues are procedurally defaulted. O'Sullivan, 526 U.S. at 848 (citing Coleman v. Thompson, 501 U.S. 722 731-32 (1991); Engle v. Isaac, 456 U.S. 107, 125-26 (1982)). The court agrees with the respondent. However, even if the court were to disagree, there are numerous other obstacles to Whitman's claim, most notably that any error was harmless, Brecht v. Abrahamson, 507 U.S. 619 (1993), because, according to the

Case 2:02-cv-00541-AEG   Filed 07/18/06   Page 4 of 6   Document 15

Court of Appeals' decision, the first question posed to Whitman on direct examination was whether he was currently incarcerated, to which he responded that he was. In other words, the jury then knew Williams was still a prisoner, regardless of what he was wearing. Additionally, there is some question as to whether the prison uniform was identifiable as such to the jury.

Whitman utilized this district's standard form for section 2254 habeas petitions and in response to question 23, where the petitioner is instructed to provide an explanation for his failure to raise any grounds for relief in earlier state court proceedings, Whitman cites "Ineffective trial counsel." Whitman goes on to argue that trial counsel failed to aggressively question a witness when, from Whitman's perspective, the witness had a difficult time recalling facts. This statement obviously does nothing to explain Whitman's failure to raise the issue of his appearance before the jury in a prison uniform in his petition for review to the state Supreme Court.

Rather, it appears that Whitman attempts to raise a new ground for relief, one that he admittedly has not pursued in earlier proceedings. If it was Whitman's intent to allege for the first time that his trial counsel was ineffective, this argument must be rejected because Whitman has failed to exhaust state procedural remedies. 28 U.S.C. § 2254(b)(1)(A) and (2).

## DENIAL OF INTENT JURY INSTRUCTION

Whitman argues that the trial court erred by refusing to provide a jury instruction regarding somnolentia and therefore impermissibly shifted the burden of proof to Whitman on the issue of intent. Somnolentia, or "sleep intoxication," occurs when a person is suddenly awakened and acts out in a certain fashion without knowledge of the conduct. State v. Whitman, 2001 Wisc. App. LEXIS 401, *2 n.2. Whitman's theory of defense was that he did not intend to batter the corrections officer but rather did so because he was in a state of somnolentia.

-5-

The Court of Appeals rejected the argument that the burden of proof was impermissibly shifted to the defendant because the instruction given, WIS JI—CRIMINAL 1228, clearly stated that it was the prosecution's burden to prove all elements of the crime beyond a reasonable doubt. This court agrees with the Court of Appeals. Additionally, Whitman provides no argument as to how the Court of Appeals' decision was contrary to or involved an unreasonable application of a clearly established precedent of the United States Supreme Court or was based upon an unreasonable determination of facts as is required to entitle Whitman to relief in a federal habeas action. 28 U.S.C. § 2254(d).

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **denied** and this case is **dismissed** on its merits.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge

-6-

Case 2:02-cv-00541-AEG   Filed 07/18/06   Page 6 of 6   Document 15

The Court of Appeals rejected the argument that the burden of proof was impermissibly shifted to the defendant because the instruction given, WIS JI—CRIMINAL 1228, clearly stated that it was the prosecution's burden to prove all elements of the crime beyond a reasonable doubt. This court agrees with the Court of Appeals. Additionally, Whitman provides no argument as to how the Court of Appeals' decision was contrary to or involved an unreasonable application of a clearly established precedent of the United States Supreme Court or was based upon an unreasonable determination of facts as is required to entitle Whitman to relief in a federal habeas action. 28 U.S.C. § 2254(d).

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **denied** and this case is **dismissed** on its merits.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge